IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROY RISLEY on behalf of )
A.D.R., a minor, )
 )
       Plaintiff, )
 )
v. )   Case No. CIV-12-029-JHP
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Roy Risley ("Plaintiff"), on behalf of the minor child, A.D.R. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 9, 2002 and was 7 years old when he filed for disability benefits and 8 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled due to a learning disability, emotional problems, and attention deficit hyperactivity disorder ("ADHD").

**Procedural History**

On June 19, 2009, Claimant, through his representative, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. The ALJ issued an unfavorable decision on September 13, 2010. On November 21, 2011, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes

of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

## Review

Plaintiff asserts the ALJ committed error in: (1) "ignoring" that Claimant met or equals a listing; (2) failing to properly evaluate the functional equivalent of meeting a listing; and (3) failing to perform a proper credibility determination.

## The Step Three Analysis

Claimant contends the ALJ should have found A.D.R. met Listing 112.05D, contending the ALJ did not properly consider the evidence of Claimant's IQ and ADHD condition. In his decision, the ALJ determined Claimant suffered from the severe impairments of attention deficit/hyperactivity disorder ("ADD/ADHD") and borderline intellectual functioning. (Tr. 20). The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments. (Tr. 20-21). The ALJ did recognize that Claimant had undergone psychological testing to determine his intelligence level. (Tr. 21).

Specifically, Claimant was tested with the Wechsler Intelligence Scale for Children - Fourth Edition (WISC-IV) by Dr. B. Todd Graybill in August of 2009. This testing revealed Claimant had a verbal comprehension index score of 73, perception reasoning of 82, working memory of 68, processing speed of 78, and a full scale intelligence scale score of 70. He was diagnosed in the borderline range of intellectual functioning. (Tr. 301-02). This diagnosis should have led the ALJ to consideration of the applicability of Listing 112.05D, which requires in pertinent part:

> 112.05 Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
>
> * * *
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function;

20 CFR Pt. 404, Subpt. P, App. 1, 112.05.

The ALJ's generic reference to his consideration of the listings and Claimant's failure to meet the same is not sufficiently detailed for this Court to consider whether the appropriate criteria under Listing 112.05D has been satisfied through the ALJ's analysis. As a result, the ALJ shall on remand set forth his findings with regard to this listing as well as any

5

other obviously applicable listing with specificity. As a point of guidance, this Court agrees with Defendant that Claimant must meet the capsule definition of mental retardation in order to satisfy Listing 112.05D. See, Wall v. Astrue, 561 F.3d 1048, 1062 (10th Cir. 2009). Any conclusion that Claimant does or does not meet this definition, however, is mere post-decisional justification by Defendant. The ALJ must make the appropriate findings for this Court to review. Claimant's assertion that an IQ diagnosis of 70 or below and ADHD automatically qualifies him for Listing 112.05D represents an oversimplification and misunderstanding of the Listing's requirements.

### Functional Equivalency for a Listing

Claimant also contends he is markedly impaired in the domain of *Attending and Completing Tasks* in the six domains of function which the ALJ was required to assess in order to determine if Claimant's impairments are functionally equivalent to a listing. 20 C.F.R. § 416.926a(a)(1)-(3). In order to meet the criteria for this finding of disability, the ALJ must determine that Claimant has marked limitations in two domains of functioning or extreme limitation in one domain. 20 C.F.R. § 416.926a(d). In his decision, the ALJ determined Claimant had a marked impairment in the domain of *Acquiring and Using Information*. (Tr. 22-23). He

found Claimant was less than markedly limited in the area of *Attending and Completing Tasks*. (Tr. 23-24).

In order to have a marked impairment in this domain, the regulations require the following for a person in Claimant's age range:

> (h) Attending and completing tasks. In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them.
>
> (1) General.
>
> (i) Attention involves regulating your levels of alertness and initiating and maintaining concentration. It involves the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. This means focusing long enough to initiate and complete an activity or task, and changing focus once it is completed. It also means that if you lose or change your focus in the middle of a task, you are able to return to the task without other people having to remind you frequently to finish it.
>
> (ii) Adequate attention is needed to maintain physical and mental effort and concentration on an activity or task. Adequate attention permits you to think and reflect before starting or deciding to stop an activity. In other words, you are able to look ahead and predict the possible outcomes of your actions before you act. Focusing your attention allows you to attempt tasks at an appropriate pace. It also helps you determine the time needed to finish a task within an appropriate timeframe.
>
> (2) Age group descriptors-
>
> \* \* \*
>
> (iv) School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school

materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. § 416.926a(h).

In this area, the ALJ relied upon the report of Dr. Graybill which indicated Claimant's "attention span and concentration abilities were impaired commiserate with his overall intellectual level." Dr. Graybill had determined Claimant to be functioning in the borderline mentally retarded range intellectually. (Tr. 302). The ALJ also referenced the report of Claimant's teacher, Lee Ann Parks dated August 9, 2009. In the area of attending and completing tasks, Ms. Parks found Claimant to have "a serious problem" with focusing long enough to finish assigned activity of task, refocusing to task when necessary, and completing work accurately without careless mistakes. She estimated Claimant experienced "a very serious problem" with carrying out multi-step instructions and organizing his own things or school materials. Ms. Parks found Claimant had "no problem" or "a slight problem" with sustaining attention during play/sports activities, carrying out single-step instructions, waiting to take turns, changing from

8

one activity to another without being disruptive, working without distracting self or others, and working at a reasonable pace/finishing on time. Ms. Parks noted that "[h]omework was seldom done with [Claimant]." (Tr. 196). Ms. Parks also acknowledged Claimant was taking medication for his ADHD and experienced a functional change when taking it, stating "[h]e can sit and concentrate." She concluded that "the medication has helped [Claimant]." (Tr. 200). Based upon the ALJ's evaluation of this evidence, this Court cannot conclude he committed error in finding Claimant's function in the domain of *Attending and Completing Tasks* was less than markedly impaired.

### Credibility Analysis

Claimant also challenges the adequacy of the ALJ's credibility evaluation. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage,

9

effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ determined that the testimony of Claimant's father was not consistent with the evidence and assigned it little weight. (Tr. 22). Claimant's father, Plaintiff in this action, has provided testimony which is inconsistent with the observational findings of his teacher and medical professionals administering medication to treat his ADHD. This Court finds no error in the ALJ's credibility findings with regard to Plaintiff.

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge respectfully recommends the ruling of the Commissioner of Social Security Administration be **REVERSED** and the case **REMANDED** for further proceedings.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 19th day of October, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE